IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOONER LEGENDS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-21-552-C |
| | ) |
| NAVIGATORS SPECIALTY | ) |
| INSURANCE COMPANY, INC.; | ) |
| NAVIGATORS INSURANCE | ) |
| COMPANY, INC.; NAVIGATORS | ) |
| MANAGEMENT COMPANY, INC.; | ) |
| MONARCH E&S INSURANCE | ) |
| SERVICES, INC.; and TATUM | ) |
| INSURANCE, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff operated a hotel, restaurant, and catering business. The business was insured by an "All Risks" policy issued by the Navigators Defendants and procured by Defendant Tatum. As a result of the COVID-19 pandemic, Plaintiff was forced to cease operating the business. Plaintiff made a claim on his insurance policy, which was denied. Plaintiff filed the present action in the District Court of Cleveland County, Oklahoma. Defendants removed the action to this Court, asserting that diversity jurisdiction exists because Defendant Tatum was fraudulently joined. Plaintiff now seeks remand asserting that Defendants have failed to meet the burden necessary to sustain removal and that Plaintiff has sufficiently pleaded the claims against Defendant Tatum.

As the parties invoking removal jurisdiction of the federal court, Defendants bear a substantial burden of proof. In fact, there is a "presumption against its existence." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton v. Chapman, 257 F.2d 601 (10th Cir. 1958)). To invoke subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires that Defendants show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." There is no dispute regarding the amount in controversy. Plaintiff argues only that complete diversity is not present, and therefore, the Court must remand.

Defendants argue the diversity requirement is met because Defendant Tatum Insurance, LLC ("Tatum") is fraudulently joined and consequently cannot be considered in the diversity inquiry. To establish fraudulent joinder, Defendants must show either: "'1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Hernandez v. Liberty Ins. Corp., 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013)). A successful showing of fraudulent joinder based on the second theory requires the defendant to bear the heavy burden of showing "there is no possibility that Plaintiff would be able to establish a cause of action against the [non-diverse] defendants." Id. (citations omitted). If there is even "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant,"

2

then the case must be remanded. Nerad v. AstraZeneca Pharm., Inc., 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

In contrast to the "reasonable basis" showing required for a successful claim, the non-liability of the defendants alleged to be fraudulently joined must be established with "complete certainty." See Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964). To determine the applicable claims and defenses, the Court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Smith v. Allstate Vehicle & Prop. Ins. Co., No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks and citations omitted).

Plaintiff brings claims against Defendant Tatum for negligence in procurement of the insurance policy and negligent misrepresentation/constructive fraud arising from procurement of the policy. Oklahoma law provides that "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8, 979 P.2d 266, 268.[*] An insurance agent has a duty "to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance," and

---

[*] The Court cites decisions of the Oklahoma Court of Civil Appeals for their persuasive value. See 20 Okla. Stat. § 30.5 ("No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter.").

3

may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269.  According to Plaintiff, it relied on Defendant Tatum's expertise and service in procuring an insurance policy that would cover all insurable risks Plaintiff might face.  Plaintiff argues that in reliance on Defendant Tatum's promise that that policy had been provided, premiums were paid.  Defendants argue that Plaintiff has failed to state a claim of negligence in the procurement of insurance, as Oklahoma law does not require an agent to procure a specific amount or type of insurance.  Rather, under Oklahoma law, an agent must only provide the coverage requested and the coverage that is promised.  Defendants' argument improperly narrows the scope of Plaintiff's claims.  As noted, Plaintiff has raised allegations which, if proven, would establish that Plaintiff requested specific coverage and Defendant Tatum promised to provide that coverage.  Viewing these allegations in a light most favorable to Plaintiff, it cannot be said that Plaintiff can prove no set of facts that would entitle it to relief.  Whether or not Plaintiff is able to ultimately prevail on its claims is not at issue at this stage.  As the Tenth Circuit has recognized, the objective is not to pre-try the merits of Plaintiff's claims, as "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" Brazell v. Waite, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).  Thus, Defendants have failed to establish by clear and convincing evidence that the joinder

of Defendant Tatum was fraudulent. Hart v. Wendling, 505 F. Supp. 52, 53 (W.D. Okla. 1980). Consequently, complete diversity does not exist, and this Court lacks subject matter jurisdiction to consider the matter further.

Accordingly, Plaintiff's Motion to Remand (Dkt. No. 16) is GRANTED. The Court Clerk shall take the necessary steps to remand this matter to the District Court of Cleveland County, Oklahoma, as soon as possible.

IT IS SO ORDERED this 6th day of August 2021.

ROBIN J. CAUTHRON
United States District Judge